635 So.2d 106 (1994)
KRAFT GENERAL FOODS, INC., a Delaware Corporation, Petitioner,
v.
Lester ROSENBLUM, Respondent.
No. 93-0813.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
Rehearing, Rehearing and/or Clarification Denied May 11, 1994.
*107 Daniel S. Pearson and Lenore C. Smith, Holland & Knight, Miami, for petitioner.
Donald Feldman, Weiss & Handler, P.A., Boca Raton, for respondent.
Rehearing En Banc, Rehearing and/or Clarification Denied May 11, 1994.
FARMER, Judge.
In Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991), we concluded en banc that common law certiorari is properly available to reverse an order allowing discovery of financial worth information without a prior hearing to determine whether plaintiff can show sufficient evidence to allow a claim for punitive damages to be pleaded. Today we consider a petition for certiorari or mandamus posing a separate but related question arising under the identical statute we construed in Henn: viz., whether under section 768.72, Florida Statutes (1993), a pleader can include a claim for punitive damages in an initial pleading without prior leave of court. We conclude that punitive damages claims can be asserted, if at all, only with prior leave of court. We therefore grant certiorari to quash the order of the trial court refusing to strike such an unauthorized claim.
Section 768.72, Florida Statutes (1993), provides as follows:
768.72 Pleading in civil actions; claim for punitive damages.  In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
It was the last sentence in the statute that we construed in Henn. We now focus our attention on the first three sentences.
Claimant sued Kraft for damages and other relief. He alleges that in making a purchase of ice tea mix he succumbed to an enticement on the label, which read:
"Save up to $2.00 on your next purchase ... see details on inside of label."
The inside of the label instructed him that he could obtain a $1.00 coupon with 8 foil seals or two $1.00 coupons with 12 foil seals. The package, however, contained but six seals. Thus he concluded that he could not possibly save the money promised. He alleged that Kraft had deliberately misled him.
He filed his action against Kraft in the circuit court in Broward County. In his initial complaint commencing the action, he included a claim seeking relief for misleading advertising under section 817.41, Florida Statutes (1991),[1] and a claim for relief under *108 section 501.204 of Florida's "Little FTC Act".[2] His demand for judgment under section 817.41 prayed:
"WHEREFORE, Plaintiff prays that this Court enter a Final Judgment awarding damages in the sum of $3.50, incidental and consequential damages, as well as punitive damages for misleading Plaintiff and the general public pursuant to § 817.41(5), Florida Statutes, together with costs and attorney's fees pursuant to § 817.41(6), Florida Statutes."
Similarly, his demand for judgment under section 501.204 sought punitive damages, but he later conceded that that statute does not itself provide for punitive damages. It is important to note that claimant neither sought nor was granted any prior authorization for pleading a punitive damages claim.
Kraft answered the complaint after first seeking to dismiss the action on jurisdictional grounds. Later Kraft moved to strike the punitive damages claims, arguing that claimant had not complied with section 768.72. In the order we review today, the trial court denied the motion "without prejudice," adding that claimant shall schedule a further hearing within 90 days for the purpose of making the statutory showing, but meanwhile barring financial worth discovery. Kraft's petition for certiorari or mandamus timely reached us.[3]
Kraft argues that there is but one possible reading of section 768.72: "That reading is plain from all of its provisions, read separately or together: the statute is designed to keep punitive damage claims out of pleadings until an evidentiary showing is made." It argues that the legislature desired to remove the unauthorized use of punitive damage claims, as here, for in terrorem effect. Such claims, it contends, give the claimant undue settlement leverage and force insurance companies to devote resources to claims in spite of their intrinsic lack of merit. Hence, the legislature created in section 768.72 a positive legal right not to be exposed to punitive damages until a court first determines that there is evidence enough for such a claim to be pleaded. This right of nonexposure is irreparably undone, says Kraft, if a trial court refuses to strike a claim that was not previously authorized by the court.
Our claimant responds in two general ways. First, he contends that Kraft has simply misread the statute. It really does not mean that a pleader may not include such a claim in its initial pleading without prior leave of court; rather, he argues, the court may as here allow it to stand while the claimant searches for evidence to support it. Moreover, section 768.72 is in conflict with section 817.41(6), which expressly authorizes punitive damages for misleading advertising violations; and thus he contends that the requirements of section 768.72 were intended to give way to section 817.41(6).
Second, claimant asks "What is the harm?" As the real purpose of the statute is to deter financial worth discovery until punitive damages are determined to be available, he argues, there is no harm when the trial court defers such discovery until when and if such claims are allowed to stand. Hence he suggests that Kraft has suffered no harm, and *109 certainly not the kind of irremediable harm that common law certiorari requires.
To determine whether Kraft has made the kind of extraordinary showing demanded, we begin by analyzing the statutes. It is true that section 817.41 plainly authorizes awards of punitive damages for violations of its terms. It is equally true, however, that the subject of pleading punitive damages is covered only in section 768.72. In other words, while section 817.41 creates an entitlement to punitive damages, it says nothing about how that entitlement shall be pleaded. As to the subject of pleading the entitlement, section 817.41 thus impliedly defers to section 768.72, which allows the pleading only after a judge has determined that the claimant can offer sufficient evidence to allow the claim for punitive damages to be pleaded.
Claimant argues that "the legislature intended punitive damages to be an integral and important part of the remedy of 817.41." He continues that section 817.41 is a "public protection statute for consumers transactions," many of which are likely to involve small sums of money. From this premise, he argues that the restrictions of Chapter 768, Part II, "will make redress for `private violations' * * * ineffective and prohibitive." Consequently, he urges, the legislature could not possibly have meant for section 768.72 to be a restriction on pleading punitive damages remedies for section 817.41 violations.[4]
We are unable to square claimant's conclusions with the language employed in the statutory text. Apart from the legislative directive that, where conflicting, other statutes take precedence over section 768.72, claimant can point to nothing in either of the statutes to support his conclusions. He does not explain, for example, how the fact that section 817.41 may be a consumer protection statute yields the conclusion that prior authorization of punitive damage claims will render it "ineffective and prohibitive." Nor does he explain how the mere fact that a claimant must first be given leave of court to plead for punitive damages creates any conflict at all with section 817.41.
On the other hand, Kraft calls our attention to section 760.11(5), Florida Statutes (1993), in which  while authorizing punitive damages in employment discrimination cases  the legislature has also expressly stated that "The provisions of ss. 768.72 and 768.73 do not apply to this section." We agree with Kraft that, as section 760.11(5) betrays, when the legislature intends to waive the "no-punitive-damage-claim-with-out-leave-of-court" requirement, it obviously knows how to say so in unmistakable language. It follows that the presence of the quoted text in section 760.11(5), coupled with the absence of such an expression in the text of section 817.41, must be taken as an intent that the pleading limitation requirement be enforced as to any other statute granting a right for punitive damages unless the granting statute says otherwise.
We next confront the precise meaning of section 768.72. The first sentence says:
"In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."
Focusing on the words "no claim for punitive damages shall be permitted" in light of the remainder of the statute, it is apparent that someone must "permit" such a claim. We do not often see legislative pleading provisions that require the claimant (or, for that matter, the opposing party) to grant his own prior permission merely to plead something. The claimant could be expected always to grant such permission; the opposing party always to refuse it. In neither case would justice be served. No one could reasonably suggest that the perimeter is anyone other than the judge.
The next two sentences say:
"The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow *110 the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages."
If an unauthorized pleading of such damages could be permitted to stand, as claimant argues, while the pleader looks for evidence to support his claim, there would be little reason to require the amendment of pleadings to make such a claim and the liberal use of the discovery rules to search for evidence to do so.
It would stand the statute on its head to allow the pleading while a claimant seeks out the evidence to justify it. Indeed, that is the very situation that obtained before the statute was adopted in the first place: i.e. a pleader could first plead punitive damages and only then begin to look for sufficient evidence to support the claim. In short, we think that the first three sentences of this statute read together quite plainly require the dismissal or striking of unauthorized punitive damages claims.
The last inquiry is whether common law certiorari lies to redress an unauthorized pleading for punitive damages. The answer to that question is found in the nature of the right that the legislature has created. We have no doubt that, if the right were merely not to be liable for exemplary damages until a jury had determined the issue, certiorari would not be available to test a trial court's pretrial decision to allow a claim to be pleaded. Martin-Johnson Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
On the other hand, a right not to be exposed to a mere claim for such extraordinary damages, without a judge first determining that a factual basis exists to allow the claim to be pleaded, would not be much of a right if one had to wait until the end of the case to take a final appeal to review the trial court's failure to strike an unauthorized pleading for such damages. Like some kinds of discovery, this cat would effectively be out of the bag before the bag was supposed to be opened. Martin-Johnson, 509 So.2d at 1100. Claimant has offered no explanation as to how we could possibly remedy this unauthorized pleading violation on final appeal after a trial. Thus our refusal to grant extraordinary review of this class of orders would render this particular statutory right, in effect, mythical.
Accordingly, we grant certiorari and quash the trial court's order. All claims for punitive damages shall be stricken, and the trial court is directed not to permit such a pleading until the court has first determined whether a factual basis exists to support a claim for punitive damages.
CERTIORARI GRANTED; ORDER QUASHED; REMANDED WITH DIRECTIONS.
POLEN and PARIENTE, JJ., concur.
NOTES
[1] The pertinent parts of section 817.41 are as follows:

"(1) It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses.
* * * * * *
"(6) Any person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney's fees, and may be awarded punitive damages in addition to actual damages proven. This provision is in addition to any other remedies prescribed by law."
Section 817.40(5), Florida Statutes (1991), defines "misleading advertising" as follows:
"(5) The phrase `misleading advertising' includes any statements made, or disseminated, in oral, written or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services."
[2] See Ch. 501, Part II, Fla. Stat. (1993) ("Florida Deceptive and Unfair Trade Practices Act").
[3] Because we have considered the petition to seek review by common law certiorari and granted that relief, we expressly disavow any holding on the alternative remedy of mandamus.
[4] We, of course, express no conclusion on what factual showing would be necessary to allow a claimant to plead a punitive damages claim under section 817.41. That determination should be made by the trial judge in the first instance.