658 So.2d 1010 (1994)
SPORTS PRODUCTS, INC. OF FORT LAUDERDALE, a Florida Corporation, Petitioner,
v.
ESTATE OF Marianne INALIEN By and Through Francois INALIEN, spouse, Personal Representative and Administrator and Francois Inalien on behalf of all survivors and heirs and on his own behalf, Respondents.
No. 94-3311.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
Christopher J. Lynch of Angones, Hunter, McClure, Lynch & Williams, P.A., Miami, for petitioner.
No response required for respondents.
PER CURIAM.
The petition for writ of certiorari is denied.
Petitioner complains that the trial court erred in finding that the plaintiff's evidence met the criteria for pleading punitive damages. The court's certiorari jurisdiction is not so broad as to permit review of a finding that the plaintiff's evidentiary basis for punitive damages was sufficient to comply with the requirements of section 768.72, Florida Statutes, thereby permitting amendment of the complaint.
This court has certiorari jurisdiction to require that the trial court make a factual finding prior to granting leave to amend. See, e.g., Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla. 1994) (table); Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991). However, the fact that this court will conduct an immediate review to determine whether the trial court has conducted the inquiry required by the statute does not also mean that we will exercise certiorari jurisdiction to conduct an immediate review of the findings of fact made in the course of that inquiry.
We acknowledge conflict with those decisions that have granted certiorari review in such a case, Commercial Carrier Corp. v. Rockhead, 639 So.2d 660 (Fla. 3d DCA 1994), and Key West Convalescent Center, Inc. v. Doherty, 619 So.2d 367 (Fla. 3d DCA 1993).
STONE, POLEN and FARMER, JJ., concur.