659 So.2d 1254 (1995)
Frederick MAYER and Gloria Mayer, Petitioners,
v.
Richard FRANK and Brenda Frank, his Wife, Respondents.
No. 95-1796.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
Jeffrey P. Wasserman of Muchnick, Wasserman & Dolin, Hollywood, for petitioners.
Mark S. Barnett, Miami Beach, for respondents.
PER CURIAM.
We grant this petition for writ of certiorari and quash the trial court order denying Petitioners' motion to strike a punitive damages claim.
Section 768.72, Florida Statutes, provides that "... no claim for punitive damages shall be permitted unless there is a reasonable showing ... which would provide a reasonable basis for recovery of such damages." Additionally, upon such a showing, a claimant may then "move to amend his complaint to assert a claim for punitive damages... ."
Recently, in Globe Newspaper Co. v. King, 658 So.2d 518 (Fla. 1995), the supreme court recognized that certiorari review is appropriate to determine whether the trial court has conducted the evidentiary hearing required by section 768.72 prior to authorizing a punitive damages claim, approving this court's opinion in Sports Products, Inc. v. Estate of Inalien, 658 So.2d 1010 (Fla. 4th DCA Dec. 21, 1994), rev. dismissed, No. 84,988, 659 So.2d 1088 (Fla. June 7, 1995).
Here, Respondents filed a complaint that, in contravention of the plain proscription of *1255 the statute, included a punitive damages claim without the prior showing required by law. According to Respondents, the denial of the motion to strike was based on the allegations in, admissions in, and attachments to, the pleadings. Petitioners dispute this and claim that the denial resulted from counsel's failing to attend the hearing, conducted without any review of the facts. In either event, we conclude that the order must be quashed as it is undisputed that the effect of the trial court order is to leave in place a punitive damages demand asserted without prior trial court authorization.
In Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla. 1994), this court quashed an order denying a motion to strike a punitive damages claim. In that case, no evidentiary hearing was held on the motion to strike, but the court denied the motion to strike and ordered the plaintiff to demonstrate the factual basis for the claim at a hearing to be scheduled within ninety days of the order denying the motion. Id. at 107-08.
In Kraft, this court held that a complaint that included a claim for punitive damages, where the plaintiff had not first sought and obtained leave of court to seek such damages, was an unauthorized pleading and violated the statute. It was the intent of the legislature that a plaintiff not be even exposed to a claim for punitive damages unless a judge had first determined that a factual basis for such damages exists. Permitting a plaintiff to file an initial complaint that contains a punitive damage claim "would stand the statute on its head." Kraft, 635 So.2d at 110. The court concluded:
In short, we think that the first three sentences of this statute [quoted above] read together quite plainly require the dismissal or striking of unauthorized punitive damages claims.
Id. We can discern no reason for not applying the Kraft reasoning to any instance in which a party seeks punitive damages without first complying with the statute.
We recognize that in many instances enforcement of the statute in this manner places form over substance, considering the likelihood that a court will subsequently authorize amendment of the pleadings to claim punitive damages. However, effective enforcement of the statute, which was designed to reduce injuries resulting from unsupportable punitive damage claims, mandates such treatment.
STONE, KLEIN and PARIENTE, JJ., concur.