672 So.2d 98 (1996)
WALT DISNEY WORLD COMPANY, a Delaware corporation, Petitioner,
v.
Kim NOORDHOEK, et al., Respondents.
WALT DISNEY WORLD COMPANY, a Delaware corporation, Petitioner,
v.
Richard USS, et al., Alex Major and Helen Major, Respondents.
No. 96-423.
District Court of Appeal of Florida, Third District.
April 24, 1996.
Burd, Downs & Magathan and William G. Burd and Madelyn Simon Lozano, Miami, for petitioner.
Angones, Hunter, McClure, Lynch & Williams and Steven K. Hunter, Miami, for respondents.
Before NESBITT, LEVY and GREEN, JJ.
NESBITT, Judge.
Walt Disney World Company ("Disney") petitions this court for a writ of certiorari and asks that we quash a nonfinal order allowing the plaintiffs/respondents to amend their complaint to include a claim for punitive damages. Disney claims that the lower court failed to comply with the procedural requirements of section 768.72, Florida Statutes (1995) when it permitted the plaintiffs to add their claim.
This case arises out of the destruction visited on the plaintiffs' homes by Hurricane Andrew. The plaintiffs are individuals who purchased homes in the Country Walk Development located in southwest Dade County. These homes were developed by the Arvida Corporation, which ultimately merged with Disney. The plaintiffs are seeking to collect damages for, among other things, negligence and violations of state building codes.
Plaintiffs moved for leave to amend their pleadings to include a claim for punitive damages. The trial court held a hearing on the motion at which both sides submitted affidavits, exhibits, and evidentiary proffers. As a result of that hearing the trial court granted the plaintiffs leave to add their claim for punitive damages, yet it specifically declined to find that there was a sufficient evidentiary basis for the claim.[1]
*99 The transcript of the hearing reflects that the trial court felt that the reasonableness of the plaintiffs' punitive damages claim hinged on the testimony of a "hotly contested" witness. The court decided that the best way for it to decide the reasonableness issue would be for it to bifurcate the trial into separate compensatory and punitive damage portions. During the compensatory damages phase the court would have the benefit of the witness's in-court testimony, subject to cross-examination and, assuming the plaintiffs prevailed, the court would then make a determination as to whether the punitive damages claim would proceed.
Preliminarily, we note that certiorari is the proper vehicle "to review whether a trial judge has conformed with the procedural requirements of section 768.72...." Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995). At issue is that portion of section 768.72 which provides: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."
In construing this provision Globe Newspaper held: "We read section 768.72 to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Id. (emphasis added). In the instant case, the trial judge plainly did not make such a determination before it allowed the plaintiffs to plead their punitive damages claim.
The trial judge also decided, however, not to subject Disney to financial worth discovery until the completion of the compensatory damages portion of the trial and only after the court had decided there was a reasonable basis for the claim. In fact, the effect of the court's order in this case was to allow the mere pleading of the punitive damages claim. No evidence would be presented to the jury on this claim and no financial worth discovery would take place. Accordingly, we must decide whether the defendant's substantive legal right not to be subject to a punitive damages claim applies when no ensuing financial worth discovery will take place until the trial court makes the requisite determination.
Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla.1994), approved in Globe Newspaper, dealt with an analogous situation. In that case, the plaintiff filed a complaint that included a claim for punitive damages without seeking prior leave of court to include such a claim. The trial court entered an order which denied a motion to strike the claim and scheduled a hearing within 90 days so that the plaintiff could make the showing required by section 768.72. The trial court barred financial worth discovery until such time.
On certiorari the Fourth District quashed the order denying the motion to strike. As described by the Kraft General Foods court, the plaintiff argued: "As the real purpose of the statute is to deter financial worth discovery until punitive damages are determined to be available, he argues, there is no harm when the trial court defers such discovery until when and if such claims are allowed to stand." Id. at 108. The defendant, on the other hand, argued: "[T]he legislature desired to remove the unauthorized use of punitive damage claims, as here, for in terrorem effect. Such claims, it contends, give the claimant undue settlement leverage and force insurance companies to devote resources to claims in spite of their intrinsic lack of merit. Hence, the legislature created in section 768.72 a positive legal right not to be exposed to punitive damages until a court first determines that there is evidence enough for such a claim to be pleaded." Id.
In quashing the order under review the Kraft General Foods court apparently agreed with the defendant's interpretation of the statute. Addressing itself to the need for certiorari review, the court stated: "[A] right not to be exposed to a mere claim for such extraordinary damages, without a judge first *100 determining that a factual basis exists to allow the claim to be pleaded, would not be much of a right if one had to wait until the end of the case to take a final appeal to review the trial court's failure to strike an unauthorized pleading for such damages." Id. at 110 (emphasis in original).
The same reasoning applies in the instant case. Disney's right not to be exposed to a mere claim for punitive damages, absent a trial court determination that there is a reasonable evidentiary basis for such claim, requires us to grant the petition for writ of certiorari and quash the order granting plaintiffs leave to amend their complaint. "It was the intent of the legislature that a plaintiff not be even exposed to a claim for punitive damages unless a judge had first determined that a factual basis for such damages exists." Mayer v. Frank, 659 So.2d 1254 (Fla. 4th DCA 1995). The trial court's desire to carefully evaluate the evidence that forms the basis of the punitive damages claim is understandable. The courts's decision, however, to postpone making a determination as to whether there was a reasonable evidentiary basis for such claim, while at the same time allowing the claim to be pleaded, cannot stand. Under the legislative scheme for making such determination, this simply puts the cart before the horse.
Accordingly, we grant certiorari and quash the order granting plaintiffs leave to amend their pleadings to include a claim for punitive damages. All claims for punitive damages are hereby stricken, and the trial court is directed not to permit such a pleading until it has first determined that there is a reasonable evidentiary basis for the recovery of such damages.
NOTES
[1] The trial court's order provides in pertinent part: "The court finds a sufficient basis for the pleadings to be amended to claim punitive damages which plaintiff shall do forthwith; To allow amendment of the pleadings before trial is required although due to the need to more carefully evaluate the evidence of plaintiffs the court reserves jurisdiction to find that there is insufficient evidence for plaintiffs' claim for punitive damages to go forward, after hearing all the evidence and the live testimony of the affiants." The actual order entered reflects that the court struck and initialed the word "evidentiary," as reflected above.