**Steven A. WILSON and Theresa A. Wilson, Plaintiffs,**

v.

**Michael S. EDENFIELD, individually; Allen S. Carmen, individually; and Battle & Edenfield, P.A., a Florida corporation, and John W. Gardner, P.A., Defendants.**

**No. 96–2672–CIV–T–17E.**

United States District Court,
M.D. Florida,
Tampa Division.

June 12, 1997.

---

Barbara A. Sinsley, Harris, Barrett, Mann & Dew, Tampa, FL, for Steven A. Wilson, Theresa A. Wilson.

William Penn Dawson, II, Stephen Hamilton Sears, Macfarlane, Ferguson & McMullen, Tampa, FL, for Michael S. Edenfield, Jr., Battle & Edenfield, P.A.

R. Michael DeLoach, R. Michael DeLoach, P.A., Brandon, FL, for Allen S. Carmen.

John William Gardner, John W. Gardner, P.A., Brandon, FL, pro se.

KOVACHEVICH, District Judge.

### ORDER ON DEFENDANTS', MICHAEL S. EDENFIELD AND BATTLE & EDENFIELD, P.A., MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

This cause is before the Court on Defendants' Motion to Dismiss (Dkt.18) and Plaintiffs' response (Dkt.24).

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed. R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four (4) corners of the complaint. *Rickman v. Precisionaire, Inc.,*

902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs. Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

### FACTUAL BACKGROUND

Plaintiffs, STEVEN A. WILSON AND THERESA A. WILSON, have sued the Defendants for alleged violations of the Federal Fair Debt Collection Practices Act ("Federal Act") and the Florida Consumer Collection Practices Statute ("Florida Statute") and for alleged defamation of credit. Plaintiffs are seeking not only the statutorily imposed damages but also punitive damages under Florida Statute, section 559.77. The allegations stem from an attorney client relationship which existed between the Plaintiffs and the co-defendant, JOHN W. GARDNER, P.A. ("GARDNER"). Plaintiffs hired Gardner to represent them in an adoption proceeding.

Plaintiffs did not pay Gardner for his legal services. As a result, Plaintiffs executed and delivered a promissory note to Gardner for the attorneys fees which Plaintiffs incurred. When Plaintiffs defaulted on the promissory note, Gardner hired Defendant, BATTLE & EDENFIELD ("B & E"), to institute consumer collection activities against Plaintiffs.

On or about November 27, 1995, B & E and MICHAEL S. EDENFIELD, JR. ("EDENFIELD"), filed suit against Plaintiffs in state court for the recovery of alleged legal fees due to Gardner. Thereafter, an Order on Partial Summary Judgment was entered on April 15, 1996. The Order was entered against Plaintiffs for the sum of $8,226.00.

On April 16, 1996, Plaintiffs delivered a check to Defendants for the amount ordered to be paid with the language "paid in full/ –0– balance" written on the check. On that same day, Defendants wrote directly to Plaintiffs that the check was unacceptable due to the language written on the check because the check did not satisfy Plaintiffs' entire balance to Gardner. Plaintiffs were given twenty-four (24) hours to respond with a new check without the language or Defendants would begin collection proceedings.

On April 17, 1996, a second check was issued by Plaintiffs and mailed to Defendants. On that same day, Defendants filed a Motion for Writ of Garnishment with the County Court of Hillsborough County, Florida for the amount of the Order on Partial Summary Judgment alleging that "Plaintiff does not believe the Defendant has in his possession sufficient visible property upon which a levy can be made to satisfy the judgment." On April 19, 1996, Defendants wrote to the attorney for Plaintiffs and attached a copy of a "Satisfaction of Writ of Garnishment" that was alleged to have been filed with the court.

Plaintiffs allege that Defendants knowingly and with malicious intent obtained a Writ of Garnishment by falsely representing to the court that Plaintiffs did not have visible property upon which the levy could be made. Plaintiffs further allege that the garnishment caused other outstanding checks issued by Plaintiffs to be returned for insufficient funds and charges were assessed against the Plaintiffs. Finally, Plaintiffs allege that they were denied a home equity loan and lost out on substantial business opportunities because of Defendants' actions.

### DISCUSSION

█ Under Florida law, the Plaintiff may not assert a claim for punitive damages under Fla. Stat., sec. 559.77 unless they first make a reasonable showing by evidence in the record which would provide a reasonable basis for recovery of such damages. Fla.

Stat., sec. 768.72. The statute is substantive and can therefore be applied to federal court in federal actions. *Fletcher v. State of Florida,* 858 F.Supp. 169, 173 (M.D.Fla.1994); *Marcus v. Carrasquillo,* 782 F.Supp. 593 (M.D.Fla.1992).

In the present case, Plaintiffs filed a complaint that, in contravention of the plain proscription of the statute, included a punitive damages claim without the prior showing required by law. In the case of *Kraft General Foods, Inc. v. Rosenblum,* 635 So.2d 106 (Fla. 4th DCA 1994), the court examined the precise meaning of Fla. Stat., sec. 768.72. The court held that a complaint that included a claim for punitive damages, where the plaintiff had not first sought and obtained leave of court to seek such damages, was an unauthorized pleading and violated the statute. It was the legislature's intent that a defendant not be exposed to a claim for punitive damages until the court had first determined that a factual basis for such damages exists. Permitting a plaintiff to file an initial complaint that contains a punitive damage claim "would stand the statute on its head." *Id.* at 110. In short, the court concluded that the statute "quite plainly require[s] the dismissal or striking of unauthorized punitive damages claims." *Id.*

Properly viewed, sec. 768.72 prevents a claim from accruing prior to a court ruling. *Teel v. United Technologies Pratt & Whitney,* 953 F.Supp. 1534 (S.D.Fla.1997). "[T]o comply with the statute's requirements, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted. At that point, the trial court must make a determination that there is a reasonable basis for the recovery of punitive damages." *Simeon v. Cox,* 671 So.2d 158, 160 (Fla.1996). "[A]ny punitive damages claim alleged prior to a party asking and receiving leave of court must be dismissed or stricken." *Id.*

In conclusion, since Plaintiff neither sought nor was granted any prior authorization for pleading a punitive damages claim, all claims for punitive damages shall be stricken. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss those portions of Plaintiffs' Complaint alleging punitive damages (Dkt.18) be **GRANTED** and all claims for punitive damages be stricken.