Lorine ALEXANDER, Plaintiff,

v.

UNIVERSITY/GAINESVILLE HEALTHCARE CENTER, INC., Defendant.

No. GCA 97CV191MMP.

United States District Court,
N.D. Florida,
Gainesville Division.

March 11, 1998.

Susan Dawson, Susan Dawson PA, Gainesville, FL, for Plaintiff.

V. James Facciolo, Richard E. Johnson, Kent Hayden Facciolo & Johnson PA, Jacksonville, FL, for Defendant.

## ORDER

PAUL, Senior District Judge.

This matter is before the court on defendant's Motion to Strike Count III of the Amended Complaint (doc. 41), to which plaintiff has responded (doc. 45). According to the amended complaint, the nursing home failed to properly supervise and protect plaintiff, allowing another resident of the home to hit plaintiff on at least three occasions. The complaint also alleges, among other things, that the nursing home failed to attend to the plaintiff, allowing her to fall on several occasions and to exit the hospital unsupervised. In Count III plaintiff seeks punitive damages and asserts that by failing to correct these problems when they became known, the defendant exhibited a "callous, malicious, wanton, and willful disregard for the rights and safety of Lorine Alexander." (Amended Complaint, doc. 48, ¶ 17).

The defendants have moved to dismiss plaintiff's claim for punitive damages for failure to comply with Florida Statutes Section 768.72, which provides:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed

so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

The plaintiff responds that this rule conflicts with Federal Rule of Civil Procedure 8(a)(2) which states that a plaintiff's complaint establishes a claim by setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff then concludes that, under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, the state rule must yield to the federal rule.

 *Erie* stands for basic proposition that a federal court sitting in diversity shall apply state substantive law while following federal procedural rules. The decades since *Erie* have revealed, however, the difficulty in determining whether certain rules are substantive or procedural. Indeed, the Supreme Court has continuously refined the test applied when a federal rule appears to conflict with a state rule. The culmination of this legal struggle is *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). *Hanna* requires the court to conduct two different lines of analysis. First, the court must consider whether the state rule directly conflicts with the federal rule. If it does, the federal rule must be followed unless (1) it is beyond the scope of the Rules Enabling Act, 28 U.S.C. § 2072, or (2) it is otherwise unconstitutional.

 It is clear that § 768.72 directly conflicts with Rule 8(a)(2). The Southern District of Florida recently faced this precise issue and found that § 768.72 "directly and irreconcilably" conflicted with Federal Rule of Civil Procedure 8(a)(2). *State of Wisconsin Investment Bd. v. Plantation Square Assoc.,* 761 F.Supp. 1569, 1574 (S.D.Fla.1991). The court stated:

Rule 8(a)(2) provides that a plaintiff's complaint establishes a claim by setting forth "a short and plain statement of the claim showing that the pleader is entitled to

relief." Section 768.72 obviously requires much more than a mere "short and plain statement" for establishing a punitive damage claim in that it necessitates 1) the presentation of evidence in the record or proffered by Plaintiff to demonstrate that there exists a reasonable basis for a punitive damage claim and 2) court review and determination that Plaintiff's evidentiary proffer meets the statute's "reasonable basis" standard.

\* \* \* \* \* \*

To apply § 768.72 in federal courts would, in essence, convert the pleading of punitive damages from the requirement of mere notice to a quasi-adjudication of plaintiff's claim, requiring evidentiary inquiry and discovery, argumentation of counsel, and a judicial ruling. Such an application would subvert not only the intent of Rule 8, but the entire system of the Federal Rules.

*Id.* This court agrees with its sister court that § 768.72 directly conflicts with Federal Rule 8, and thus now turns to the second line of analysis, whether the Federal Rule 8(a)(2) goes beyond the Rules Enabling Act or is otherwise unconstitutional.

The Rules Enabling Act, 28 U.S.C. § 2072 states:

(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts. . . .

(b) Such rules shall not abridge, enlarge or modify any substantive right. . . . .

As for subsection (a), Rule 8 is clearly is a general rule of practice and procedure, and does not purport to create substantive rights on its face. Subsection (b), however, requires that the Rule not abridge, enlarge or modify any substantive right. The question in this case, therefore, is whether, by preventing application of § 768.72, Federal Rule 8(a)(2) abridges or modifies any substantive right.

Section 768.72 did not create any substantive rights on its own. Both before and after § 768.72 was passed [1], the standard for

---

**1.** Section 768.72 was passed as § 51 of the Tort Reform and Insurance Act of 1986, Chapter 86–

proving punitive damages in Florida remained the same. The plaintiff needs to show the same level of fraudulent, malicious or wanton conduct as was always required. *See, e.g., Wackenhut Corp. v. Canty,* 359 So.2d 430, 435 (Fla.1978). Thus, Section 768.72 merely added a pleading requirement to Florida punitive damages claims. Since the section created no independent substantive claims, preventing the section's application in federal court does not abridge, enlarge or modify any substantive right. Moreover, no argument has ever been raised that Federal Rule 8(a)(2) is unconstitutional. Federal Rule 8(a)(2) thus directly conflicts with § 768.72 and is not beyond the Rules Enabling Act or unconstitutional.

As a result, under *Hanna,* Section 768.72 must yield to Federal Rule of Civil Procedure 8(a)(2). Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

(1) Defendant's Motion to Strike Count III, part of doc. 41, is DENIED.