Yvonne METCALF as Personal
Representative of the Estate of
Ava Lee Parker, Plaintiff,

v.

BEVERLY HEALTH AND REHA-
BILITATION SERVICES,
INC., Defendant.

No. 4:98cv278–RH.

United States District Court,
N.D. Florida,
Tallahassee Division.

Jan. 8, 1999.

Steven R. Andrews, Steven R. Andrews
PA, Tallahassee, FL, for Plaintiff.

John Lewis Holcomb, Hill Ward &
Henderson, Tampa, FL, for Defendant.

John Lewis Holcomb, (See above), for Her-
itage Health Care Center, d/b/a defendant.

## ORDER GRANTING LEAVE TO FILE FOURTH AMENDED COMPLAINT

HINKLE, District Judge.

■ Plaintiff has moved for leave to amend her complaint to add a claim for punitive damages. Plaintiff assumes she must comply with § 768.72, Florida Statutes, which requires the submission of evidence as a condition precedent to pleading a claim for punitive damages. Plaintiff has submitted evidence she says satisfies that requirement. Defendant has responded by asserting plaintiff's evidentiary showing falls short of that required by Florida law. Defendant apparently does not oppose the filing of the amended complaint on any other basis.

Section 768.72 provides:

In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

There is a conflict among different district courts in Florida, and among different judges within the same district, with respect to the applicability of § 768.72 in federal court.[1] The Eleventh Circuit has not addressed the issue.

■ The better view is that the Federal Rules of Civil Procedure, not state law, set forth the pleading rules applicable in federal court. It was and is the job of the drafters of the Federal Rules of Civil Procedure and, ultimately, the United States Congress to

---

1. *Compare Alexander v. University/Gainesville Healthcare Center, Inc.,* 17 F.Supp.2d 1291, 1292 (N.D.Fla.1998) (holding that § 768.72 does not apply in diversity cases) *and Hines v. Florida Department of Corrections,* No. 4:97cv102–WS (October 15, 1997) (unpublished Report and Recommendation holding that § 768.72 does not apply in diversity cases) *with T.W.M. v. American Medical Systems, Inc.,* 886 F.Supp. 842, 845 (N.D.Fla.1995) (applying § 768.72 in a diversity case); *compare Teel v. United Technologies Pratt*

*& Whitney,* 953 F.Supp. 1534, 1541 (S.D.Fla. 1997) (applying § 768.72 in diversity case) *with Blount v. Sterling Healthcare Group, Inc.,* 934 F.Supp. 1365, 1375 (S.D.Fla.1996) (holding that § 768.72 does not apply in diversity cases); *compare Wilson v. Edenfield,* 968 F.Supp. 681, 683 (M.D.Fla.1997) (applying § 768.72 in a diversity case), *with Key Club Associates, Ltd. Partnership v. Biron,* 1992 WL 56797, at *7 (M.D.Fla. March 17, 1992) (holding that § 768.72 does not apply in diversity cases).

promulgate the rules governing such issues as when a party must give notice to its adversary of the claims it will advance in the litigation, and what form that notice must take. Thus, while state law provides the substantive grounds on which punitive damages may be recovered in a diversity action, state law does not control issues such as when and how notice must be given of claims and when or on what grounds pleadings may be amended.

If Congress or the drafters of the Federal Rules of Civil Procedure had wanted to include in the Rules a requirement of the type set forth in § 768.72, they could have done so. They did not. Instead, they adopted pleading rules that include no such requirement. *See* Fed.R.Civ.P. 8(a)(2); Fed. R.Civ.P. 9(g). Those rules, not the contrary state statute, govern this case. *See Hanna v. Plumer,* 380 U.S. 460, 472–73, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). This has been my consistent ruling on this issue. *See, e.g., Buxton v. Allstate Ins. Co.,* No. 5:97cv274–RH (April 9, 1998) (unpublished order); *Mayhann v. General Parts, Inc.,* No. 5:98cv49–RH (June 17, 1998) (unpublished order).

Thus no ruling is necessary or appropriate at this time regarding the sufficiency of plaintiff's evidence in support of her punitive damages claim. Plaintiff properly may assert a claim for punitive damages, and the procedure by which she may do so is by including in her complaint a demand for punitive damages. Defendant in due course may oppose that claim on the merits. In the meantime, defendant makes no claim that the filing of the fourth amended complaint would be improper for any other reason. Accordingly,

IT IS ORDERED:

Plaintiff's motion for leave to file a further amended complaint including a prayer for punitive damages (document 29) is GRANTED. The proposed fourth amended complaint (document 30) is deemed filed this date.