655 So.2d 156 (1995)
SIMEON, INC., d/b/a Mega Movies and Martin Traub, Petitioners,
v.
Donna COX and Michael Cox, Husband and Wife, and Juanita Arnold and Matthew Arnold, Husband and Wife, Respondents.
No. 94-945.
District Court of Appeal of Florida, Fifth District.
May 5, 1995.
Rehearing Denied June 6, 1995.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for petitioners.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for respondents.
HARRIS, Chief Judge.
Petitioner Simeon, Inc., the defendant below, seeks a writ of certiorari. Respondents' complaint included a claim for punitive damages, and Simeon contends that the trial court departed from the essential requirements of law in failing either to dismiss the complaint or to strike the claim for punitive damages. We deny the writ.
This court took the position in Sunrise Olds-Toyota, Inc. v. Monroe, 476 So.2d 240 (Fla. 5th DCA 1985), and Jaimot v. Media Leasing Corp., 457 So.2d 529 (Fla. 5th DCA 1984), that since it is improper to expose a defendant to the discovery of his financial worth, an otherwise private matter, before the plaintiff has properly pled or otherwise established a basis for punitive damages, it is a departure from the essential requirements of law when the trial court fails to strike or dismiss an unfounded claim for such damages. We held that certiorari was a proper vehicle to put the trial judge on the correct path before the defendant was improperly required to expose his private financial status because, if the court subsequently held the punitive damages claim insufficient, the defendant's private matters already would have become public information.
The supreme court rejected our position in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987), in which the court held:
[W]e do not believe the harm that may result from discovery of litigant's finances is the type of "irreparable harm" contemplated by the standard of review for certiorari.
We therefore are bound by Martin-Johnson unless it has been superseded by section 768.72, Florida Statutes. The Fourth District in Kreft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), rev. denied, 612 So.2d 1363 (Fla. 1994), held that *157 to be the case.[1] We, too, are tempted by the Kraft siren song:
On the other hand, a right not to be exposed to a mere claim for such extraordinary damages, without a judge first determining that a factual basis exists to allow the claim to be pleaded, would not be much of a right if one had to wait until the end of the case to take a final appeal to review the trial court's failure to strike an unauthorized pleading for such damages. Like some kinds of discovery, this cat would effectively be out of the bag before the bag was supposed to be opened... . Thus our refusal to grant extraordinary review of this class of orders would render this particular statutory right, in effect, mythical. [Emphasis theirs].
Kraft, 635 So.2d at 109.
This justification for certiorari is so enticing that we are saved from the rocky shoals only by the persistent whisper echoing through the surf: "What about the phrase, `or proffered by the claimant' which appears in section 768.72?" Kraft holds that under section 768.72 it is improper for a plaintiff in his original complaint ever to plead a claim for punitive damages. Under Kraft, the plaintiff must first establish facts in the record and present them at a special hearing before the court and, if the court finds the proffered evidence sufficiently convincing, the court will grant the plaintiff leave to amend his or her pleadings in order to assert a punitive damage claim. This interpretation is arrived at by focusing on the words "no claim for punitive damages shall be permitted," and applying the statutory provision for liberal amendment and the statutory delay of financial discovery until "the pleading concerning punitive damages is permitted."
Certainly this is a logical interpretation. But what about the additional language: "... or proffered by the claimant which would provide a reasonable basis for recovery of such damages"? We must give meaning, if possible, to all parts of the statute. Terrinoni v. Westward Ho!, 418 So.2d 1143 (Fla. 1st DCA 1982). Focusing on this language, the statute reads: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence ... proffered by the claimant which would provide a reasonable basis for recovery of such damages... ." In other words, general allegations in a complaint are insufficient. Also, if the plaintiff must rely on the testimony of others or documents not within his or her control, then such evidence must be established "in the record" before a claim for punitive damages is permissible. But what if sufficient evidence to support a claim for punitive damages is within the personal knowledge of the plaintiff? Does section 768.72 really contemplate that the plaintiff's "proffer" must be in response to a deposition, in answers to interrogatories, or in a filed affidavit? Why can't such a proffer be made in a sworn complaint?
In our case, the plaintiff alleged under oath that she is entitled to punitive damages based on the repeated assaults on her which occurred when the defendant threw bar stools, staplers, movie videotapes, etc. at her. She urges that punitive damages should be awarded based on the defendant's intentional infliction of emotional distress in that he (among other allegations) constantly, in the presence of customers and coemployees, referred to her as "an idiotic bitch," "thief," "stupid fucking bitch" and "continually falsely accused [her] of stealing money." She further claims punitive damages based on malicious prosecution in that the defendant filed a "false and malicious criminal complaint" in which he alleged that the plaintiff had stolen merchandise from her employer. Although no charges were actually brought, it was because the defendant subsequently filed an affidavit of non-prosecution after the plaintiff had been confronted by a uniformed police officer who read the allegation to her in the presence of her children and others.
Why do these allegations contained in a sworn complaint not satisfy the statutory *158 requirement of a "proffer"? Although section 768.72 requires that the court "permit" a pleading for punitive damages, it does not specify that the permission can only be sought in a hearing on a motion to amend. The defense moved to strike the claim for punitive damages and the court, after considering the sworn allegations in the complaint, refused to do so. Did not the court, therefore, meet its obligation to review the record and, in this case, "permit the pleading concerning punitive damages"?
We may disagree with the trial court that the allegations in the complaint sufficiently justify a claim for punitive damages. But are we willing to intervene by certiorari anytime a judge decides that the claim for punitive damages is sufficient? Martin-Johnson simply does not permit us to do so.
In short, section 768.72 is little more than a codification of the law predating it: the defendant should not be exposed to financial discovery until the plaintiff has properly pleaded a claim for punitive damages and has proffered evidence sufficient to create a prima facie entitlement to such damages to the satisfaction of the trial court. Because section 768.72 did not dramatically change the prior law, it has not superseded Martin-Johnson.
The writ is DENIED.
GRIFFIN, J., concurs and concurs specially, with opinion.
PETERSON, J., dissents, with opinion.
GRIFFIN, Judge, concurring and concurring specially.
In Martin-Johnson, the Supreme Court of Florida explicitly held that orders denying motions to strike claims for punitive damages are not reviewable by certiorari. The attempt to sound the death knell of Martin-Johnson on the basis that the supreme court's July 1, 1987 decision arose out of a case that predated the July 1, 1986 effective date of the tort reform act does not persuade. As I understand the argument, because the enactment in 1986 of section 768.72, Florida Statutes, established conditions precedent to the maintenance of a claim for punitive damages, orders of the lower court that ostensibly do not protect the rights conferred by this statute should be reviewed by certiorari. See Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106, 110 (Fla. 4th DCA), review denied, 642 So.2d 1363 (Fla. 1994).[1]
As a member of the panel in this court's Harley Hotels decision, I can testify that it is counter-instinctual for an appellate judge to refrain from reviewing a marginal punitive damage claim or an order compelling discovery into the financial affairs of the defendant flowing from the lower court's (unreviewable) decision to allow such a claim. Nevertheless, although decided in a close vote on a difficult issue, I have finally concluded Martin-Johnson is a sound decision. And when Martin-Johnson was issued in July 1987, the supreme court plainly was aware that the legislature had entered the field of pleading requirements for punitive damages. Some six weeks earlier, they had expressly held this provision to be constitutional. Smith v. Department of Insurance, 507 So.2d 1080, 1092 (Fla. 1987). Although section 768.72 alters the lower court's duty, it does not really affect the principles governing review of interlocutory orders expressed in Martin-Johnson.
I am also dubious about the wisdom of embarking on this "statutory rights" course.[2] The Florida statutes are no doubt full of such interlocutory "rights" that would yield to the same analysis. For example, in the very same section, the plaintiff also is given a "right:" "[T]he Rules of Civil Procedure *159 shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages." § 768.72, Fla. Stat. (1993). The same reasoning that opens orders allowing punitive damage claims to immediate review should also dictate that orders denying a plaintiff such discovery be reviewable.
PETERSON, Judge, dissenting.
The simple issue in this case involves the review of an order refusing to dismiss or strike a claim for punitive damages when the plaintiff has not first moved to include the claim. The Florida legislature placed that burden on a plaintiff when it enacted section 768.72, Florida Statutes (1993) as part of the Tort Reform and Insurance Act of 1986. Ch. 86-160, § 51, Laws of Fla. The language selected by the legislature is plain and compliance is neither complicated nor overly burdensome to a plaintiff. The majority now permits allegations of punitive damages in an initial complaint in derogation of the statute, and allows the plaintiff to escape the duty to move for an order allowing a claim for punitive damages. The majority relies upon Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987) for its decision, a case in which the factual matters considered arose prior to the July 1, 1986 effective date of the statute.
Martin-Johnson did not consider or mention section 768.72 and should not be extensively relied upon to defeat the legislative dictates of section 768.72. Three district courts have addressed the question of certiorari review subsequent to Martin-Johnson and the enactment of section 768.72. Globe Newspaper Co. v. King, 643 So.2d 676 (Fla 1st DCA 1994) (not appropriate to review by certiorari an order granting a motion to add a claim for punitive damages, certifying conflict with decisions of the third and fourth districts), rev. granted, 651 So.2d 1193 (Fla. 1995); Commercial Carrier Corp. v. Rockhead, 639 So.2d 660 (Fla. 3d DCA 1994) (order denying a motion to strike a punitive damages claim as unjustified under section 768.72, Florida Statutes (1991) is reviewable by certiorari); Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla. 1994) (certiorari appropriate to review denial of motion to strike where claim for punitive damages was filed without prior leave of court); see also Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991) (certiorari appropriate to review financial discovery order when trial court had never considered evidentiary basis for punitive damages claim). The first district's Globe opinion does not indicate whether the defendant's reason for the petition was the failure of the trial court to consider evidence supporting a reasonable basis for punitive damages. The Commercial opinion reflects the third district's inclination to grant certiorari and review the sufficiency of the evidence considered by a trial court rather than to review by certiorari only the question whether the trial court considered evidence before allowing a plaintiff to proceed with a punitive damage claim.
I agree with the fourth district, based on the reasoning set forth in Kraft, that it is appropriate to review by certiorari the denial of a motion to strike a punitive damages claim where the plaintiff has not obtained prior leave of the court to make the claim. The issue in this petition for certiorari does not and should not involve review of the trial court's determination that the plaintiff's proffer of evidence to support a claim for punitive damages was sufficient. That issue was presented in Harley Hotels, Inc. v. Doe, 614 So.2d 1133 (Fla. 5th DCA) rev. denied, 626 So.2d 205 (Fla. 1993), in which we denied certiorari. The opinion in Kraft points out that leave to incorporate a claim for punitive damages must be obtained from the court before it can be asserted. Id. at 109. In the instant case the record does not reflect any effort by the respondents to request leave to assert a punitive damages claim and I cannot glean from the record that the trial court ever made a determination whether there was a reasonable basis for a punitive damages claim.
I would grant Simeon's petition and quash the order denying its motion to dismiss and alternative motion to strike. The action should be remanded to the trial court for further proceedings without prejudice to the *160 petitioners to follow the adequate and reasonable procedure required by section 768.72 and explained in Kraft. There should be no need for this court to amend section 768.72.
NOTES
[1] Without considering this issue, we held in Harley Hotels, Inc. v. Doe, 614 So.2d 1133 (Fla. 5th DCA 1993):

We are constrained to deny certiorari review of an order permitting a claim for punitive damages. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
[1] Indeed, if this statute confers a right on a defendant not to be exposed to a claim where there is not a "reasonable showing" "which would provide a reasonable basis for recovery of such damages" then, presumably, by implication, if the statutory showing is made, a plaintiff has a right to pursue a punitive damage claim. Thus, if the trial court denies a plaintiff's punitive damage claim and the plaintiff contends his showing has been sufficient to trigger his "right," will the plaintiff have an equal right to certiorari in the court of appeal?
[2] And why would a litigant be entitled to certiorari review of a statutory pleading requirement but not a pleading requirement imposed by rule? See, e.g., Fla.R.Civ.P. 1.120(b).