PETERSON, Judge,
dissenting.
I respectfully dissent.
Jim Peacock Dodge, Inc., a defendant in the trial court, requested our certiorari review of the trial court’s order allowing amendment of the plaintiffs’ complaint to include a claim for punitive damages. The majority denies that review without comment.
I believe that the writ should be granted for two reasons:
1. As I stated in my dissent in Simeon, Inc. v. Cox, 655 So.2d 156 (1995), I believe that certiorari should be available to review an order that allows a plaintiff to pursue a claim for punitive damages when there is non-compliance with section 768.72, Florida Statutes (1993). My disagreement adopted the reasoning of the fourth district in Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106, 110 (Fla. 4th DCA), rev. denied, 642 So.2d 1363 (Fla.1994).
2. In the instant case, the trial court granted the motion to allow a claim for punitive damages without reviewing the evidence to determine whether a reasonable basis existed for recovery of such damages as required by section 768.72. The motion to amend the complaint was allowed based on allegations in the complaint, not on whether the evidence showed a reasonable basis for recovery of punitive damages. The trial judge was under the impression that no review was necessary at this juncture because the sufficiency of the claim for pumtive damages could be tested later by a motion to strike or summary judgment initiated by the defendant. He was comforted in his decision by a previous denial for certiorari by this court in which the same or similar question was in issue.
Section 768.72 was enacted to preclude a claim for punitive damages and the discovery of financial resources until the trial court has first determined whether a factual basis exists to support a claim for punitive damages. In enacting section 768.72, the legislature recognized the importance of financial confidentiality. The success or failure of a business can sometimes be affected by the disclosure of financial information which is normally vigorously protected. The denial of certio-rari relief where a punitive damages claim has been allowed to go forward absent compliance with the statute irreparably harms defendants by stripping them of the protections the statute was intended to afford to them. It also stimulates multiple subsequent motions by the defendant resulting in delay and more costly proceedings.