671 So.2d 158 (1996)
SIMEON, INC., d/b/a Mega Movies; and Martin Traub, Petitioners,
v.
Donna COX and Michael Cox, husband and wife; and Juanita Arnold and Matthew Arnold, husband and wife, Respondents.
No. 85984.
Supreme Court of Florida.
April 4, 1996.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford, P.A., Ft. Lauderdale, for Petitioners.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Respondents.
*159 WELLS, Justice.
We have for review Simeon, Inc. v. Cox, 655 So.2d 156 (Fla. 5th DCA 1995), which expressly and directly conflicts with the opinion in Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Two employees of Simeon, Inc., sued the corporation and its vice president alleging assault, intentional infliction of emotional distress, and malicious prosecution. The complaint, which contained the notarized signatures of both plaintiffs, included details of specific instances in which the vice president referred to each plaintiff individually as an "idiotic bitch," a "thief," and a "stupid fucking bitch," continually falsely accused both of stealing money, and swore to a criminal complaint accusing plaintiffs of stealing from the business. The plaintiffs sought compensatory and punitive damages.
Defendants moved to dismiss the punitive damages claim, asserting that the plaintiffs did not allege a sufficient basis to award punitive damages. Defendants also moved to strike the punitive damages claims, asserting that plaintiffs did not strictly comply with section 768.72, Florida Statutes (1993), because they failed to proffer any evidence or establish any record entitling plaintiffs to relief. At a hearing on the motions, the plaintiffs argued that by virtue of signing this complaint under oath, they had testified under oath about these acts and had complied with section 768.72. Thereafter, the trial court denied both motions.
Next, defendants sought a writ of certiorari in the Fifth District Court of Appeal. In denying the writ, the district court focused on the language in section 768.72 which states that "[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence... proffered by the claimant which would provide a reasonable basis for recovery of such damages." See Simeon, Inc. v. Cox, 655 So.2d 156, 157 (Fla. 5th DCA 1995). The court reasoned that while general allegations in a complaint are not enough to provide a reasonable basis, when a plaintiff alleges under oath specific instances such as the ones alleged here, a reasonable basis is provided. Id. The court then held that since the trial court considered the sworn allegations in the complaint and denied the motion to dismiss and motion to strike, it met its obligation to review the record before allowing the punitive damages claims. Id. at 158.
Judge Peterson dissented, stating that he would have granted the petition for certiorari. Judge Peterson noted that section 768.72 required a plaintiff to obtain leave from the court to incorporate a claim for punitive damages before the claim could be asserted. See Simeon, 655 So.2d at 159 (Peterson, J., dissenting). Thus, certiorari was appropriate to review the denial of a motion to strike a punitive damages claim in which the plaintiff has not sought prior leave of the court to make the claim. See id. (Peterson, J., dissenting). Since the record did not reflect any effort to request leave to assert a punitive damages claim, Judge Peterson would have granted certiorari, quashed the order denying the motion to dismiss and alternative motion to strike, and remanded the action to the trial court for further proceedings without prejudice to allow the plaintiffs to follow the procedures required by section 768.72. Id. (Peterson, J., dissenting).
We accepted jurisdiction because this case expressly and directly conflicts with this Court's recent decision in Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995). In Globe Newspaper, we analyzed section 768.72, which provides:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for the recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
*160 We found that this section creates a substantive legal right not to be subjected to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages. Id. at 519. Reaching this decision, we looked to the plain meaning of the statute and found that it requires the plaintiff to show this evidentiary basis before the court may allow such a claim. Consequently, we concluded that certiorari jurisdiction is appropriate to review whether a trial judge has conformed with the procedural requirements of section 768.72 but not so broad as to encompass review of the sufficiency of the evidence when the trial judge has followed the procedural requirements of section 768.72. Id. at 520. In so holding, we stated:
In Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), review denied, 642 So.2d 1363 (Fla.1994) (punitive damages claim), Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991) (financial worth discovery), and Sports Products, Inc., v. Estate of Inalien, 658 So.2d 1010 (Fla. 4th DCA 1994), review dismissed, 659 So.2d 1088 (Fla.1995), the district court ruled that the procedure mandated by section 768.72 must be followed, and failure to adhere to that procedure departs from the essential requirements of the law. The plain meaning of section 768.72 now requires a plaintiff to provide the court with a reasonable evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint. To allow punitive damages claims to proceed as before would render section 768.72 meaningless. Furthermore, a plenary appeal cannot restore a defendant's statutory right under section 768.72 to be free of punitive damages allegations in a complaint until there is a reasonable showing by evidence in the record or proffered by the claimant. We therefore agree with the district court in Henn and Kraft and hold that appellate courts should grant certiorari in instances in which there is a demonstration by a petitioner that the procedures of section 768.72 have not been followed.
Id. at 519-20 (emphasis added).[1]
In this case, the plaintiffs did not comply with the procedures of this section. We agree with Judge Peterson's dissent that to comply with the statute's requirements, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted. At that point, the trial court must make a determination that there is a reasonable basis for the recovery of punitive damages. Simeon, 655 So.2d at 159 (Peterson, J., dissenting); see also Kraft General Foods, 635 So.2d at 110. It was inconsequential that the trial court in this case subsequently held a hearing on the motions to dismiss and to strike: any punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken. See id.
Accordingly, we quash the district court's decision in this case and remand for proceedings consistent with Judge Peterson's dissent.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] We went on to approve Kraft General Foods and Henn to the extent that those decisions did not conflict with the Globe Newspaper decision.