712 So.2d 1148 (1998)
Jorge D. ORTEGA, Petitioner,
v.
Maria SILVA and Louis Silva, Respondents.
No. 98-1606.
District Court of Appeal of Florida, Fourth District.
June 10, 1998.
Philip Glatzer of Law Officers of David R. Howland, P.A., Coral Gables, for petitioner.
No appearance required for respondents.
FARMER, Judge.
We dismiss this petition for a writ of common law certiorari to review an order allowing a claim for punitive damages. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
Petitioner is mistaken in reading our decision in Nova Southeastern University v. McCollough, 693 So.2d 1125 (Fla. 4th DCA 1997), to allow certiorari jurisdiction to review the sufficiency of the evidence to allow a claim for punitive damages. In Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), the court held:
"We conclude that appellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72. Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." [emphasis supplied]
658 So.2d at 519. As the court later explained in Simeon, Inc. v. Cox, 671 So.2d 158 (Fla.1996):
"certiorari jurisdiction is appropriate to review whether a trial judge has conformed with the procedural requirements of section 768.72 but not so broad as to encompass review of the sufficiency of the evidence when the trial judge has followed the procedural requirements of section 768.72."
671 So.2d at 160; see also Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., *1149 P.A., 677 So.2d 22 (Fla. 4th DCA 1996) (certiorari lies to review failure of trial court to determine basis for punitive damages).
In Nova Southeastern we granted the petition as to Nova University only because the underlying respondeat superior claim against Nova did not allege any independent fault on its part. Without independent fault, there was no basis on which to expose the defendant to punitive damages. Given the absence of such a basis, no evidence could ever have been adduced for punitive damages. In short we reviewed the procedure followed by the trial court in allowing the assertion of the claim for punitive damages, not the sufficiency of the evidence to support a properly alleged claim. Allowing a claimant to seek punitive damages as part of a claim in which such exemplary damages are unavailable as a matter of law, is tantamount to allowing them without determining whether there is an evidentiary basis for them. No such problem has been shown here.
DISMISSED.
GLICKSTEIN and GUNTHER, JJ., concur.