785 So.2d 1261 (2001)
ST. MARY'S HOSPITAL, Petitioner,
v.
David W. BELL, as Personal Representative of the Estate of David W. Bell, Jr., Decedent, Respondent.
No. 4D01-1509.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
William T. Viergever of Sonneborn Rutter Cooney & Klingensmith, P.A., West Palm Beach, for petitioner.
No response required for respondent.
PER CURIAM.
We dismiss the petition for writ of certiorari from an interlocutory order which, after a hearing, denied the petitioner hospital's motion to dismiss for failure to comply with the presuit requirements of chapter 766, Florida Statutes (2000).
Respondent is the personal representative of the estate of his child, who died in May, 1998, of bronchopneumonia. Counsel for the child's parents served on the hospital a notice of intent to initiate litigation pursuant to section 766.106(2). The notice alleged a failure to properly deliver medical care at the hospital's emergency room. Accompanying the notice was the affidavit of a physician citing the mother's claim that she took her child to the emergency room four to five days prior to his death.
The respondent's complaint alleged that the decedent's mother took him to the hospital on or about May 5, 1998. The hospital filed an amended motion to dismiss based on the plaintiffs failure to comply with the presuit requirements of section 766.106. The hospital argued that the respondent did not produce a copy of any hospital record supporting its assertion that the decedent had been taken to the hospital. The hospital contended that a search of its records uncovered nothing indicating that the decedent had ever been taken to the hospital. The hospital asserted *1262 that counsel for the respondent failed to make a reasonable investigation to determine whether there were grounds for a good faith belief that the hospital had been negligent in the care and treatment of the child.
At an evidentiary hearing, the hospital's witnesses testified around one theme that the lack of records or documentation indicated that the decedent had never come to the hospital for treatment. The trial court denied the hospital's motion to dismiss.
Certiorari may lie from orders denying motions to dismiss for failure to comply with the presuit requirements of chapter 766 in medical malpractice actions. See, e.g., Citron v. Shell, 689 So.2d 1288, 1290 (Fla. 4th DCA 1997), disapproved on other grounds, Cohen v. Dauphinee, 739 So.2d 68 (Fla.1999); Cent. Fla. Reg'l Hosp. v. Hill, 721 So.2d 404, 405 (Fla. 5th DCA 1998). However, certiorari does not lie for appellate courts to reweigh the evidence presented concerning compliance with the presuit statutory requirements.
This case is analogous to Ortega v. Silva, 712 So.2d 1148 (Fla. 4th DCA 1998). There we ruled that certiorari was unavailable to review the sufficiency of the evidence to allow a claim for punitive damages under section 768.72, Florida Statutes (2000). Id. at 1149. We cited to Simeon, Inc. v. Cox, 671 So.2d 158 (Fla.1996), for the holding that certiorari jurisdiction is appropriate to review whether a trial judge has conformed with the procedural requirements of section 768.72, but not so broad as to encompass review of the sufficiency of the evidence to support a claim for punitive damages when the trial judge has followed the procedural requirements of that statute. Id. at 160.
Applying Ortega to this case, certiorari is available to review whether a trial judge followed chapter 766 and whether a plaintiff complied with presuit notice and investigation requirements; certiorari is not so broad as to encompass review of the evidence regarding the sufficiency of counsel's presuit investigation.
In this case, the absence of a written record of an exam, evaluation, or treatment of the child is among the types of deviations of care attributed to the defendant hospital. The affidavit of the medical expert incorporates the mother's report that she took the child to the hospital in May, 1998, where he was seen but his chest and lungs were not examined. Whether the child was ever a patient at the emergency room may emerge as the central fact issue in the case.
The petition for writ of certiorari is dismissed. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
STEVENSON, SHAHOOD and GROSS, JJ., concur.