932 So.2d 536 (2006)
Alida C. REINOSO, Petitioner,
v.
Manuel FUENTES, Lisa Fuentes, and Hartford Insurance Co., Respondents.
No. 3D06-996.
District Court of Appeal of Florida, Third District.
June 21, 2006.
Adams, Adams & Baca and Richard B. Adams, Jr., Miami, for petitioner.
Beckham & Beckham and Pamela Beckham, Miami; Billing, Cochran, Heath, Lyles, Mauro & Anderson and Gregory Thomas Anderson, West Palm Beach, for respondents.
Before COPE, C.J., and GREEN and CORTIÑAS, JJ.
COPE, C.J.
We grant the petition for writ of certiorari because the correct procedures were not followed in the assertion of a claim for punitive damages.
In count one of the complaint, Manuel and Lisa Fuentes sued Alida C. Reinoso for negligence. In count three, the plaintiffs *537 asserted a claim for punitive damages against defendant Reinoso.[*]
The defendant moved to dismiss count three for failure to comply with subsection 768.72(1), Florida Statutes (2005), which prohibits a claim for punitive damages "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." It is undisputed that no such showing was made prior to the filing of the complaint.
At an unreported hearing, the trial court denied the defendant's motion to dismiss the punitive damages claim. The plaintiffs assert, and we accept as true, that they proffered evidence in support of the punitive damages claim at the hearing below. The plaintiffs argue that this proffer satisfied subsection 768.72(1) and brought the plaintiffs into compliance with the statute.
The problem is that the Florida Supreme Court has prohibited such a procedure. On indistinguishable facts, the court said, "It was inconsequential that the trial court in this case subsequently held a hearing on the motions to dismiss and to strike: any punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken." Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996) (citation omitted).
That being the case, we grant the petition for writ of certiorari and quash the order now before us. The punitive damages claim must be stricken. This ruling is, however, without prejudice to the plaintiffs to reallege the claim upon compliance with the procedures outlined in section 768.72 and the Simeon decision.
The plaintiffs argue that the absence of a transcript precludes review. We disagree. It is facially clear on the record that the plaintiffs included a punitive damages claim in their complaint without leave of court. "Here the trial court faced a pure legal question. Both parties have furnished us with complete appendices containing the pleadings, ... documents and order under review, all of which permit us to review the same legal issue on the merits." Ronbeck Const. Co. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992).
Petition granted.
NOTES
[*] The plaintiffs also asserted a claim for breach of contract against their insurer, Hartford Insurance Co. That defendant and claim are not involved in this proceeding.