BROWNING, J.
 

 Petitioners seek a writ of certiorari to quash the circuit court’s order denying Petitioners’ motions to strike and/or dismiss Respondent’s claim for punitive damages arising from his third amended complaint. We grant the petition and quash the order denying the motions as to punitive damages.
 

 Kevin Wade Crystal (Respondent) filed a third amended complaint naming Petitioners as the defendants. The pleading alleged that pursuant to a contract with the Florida Department of Corrections, Aramark Correctional Services, LLC (Ara-mark), provided food service operations at the Holmes Correctional Institution, where Respondent was incarcerated and was assigned a job in food service. Petitioners Leavins and Smith were employees of Ara-mark. The pleading alleged that Respondent had sustained injuries to his wrists and back and had reported them to the appropriate personnel; and that Petitioners were negligent in following the procedures for reporting and documenting injuries sustained by him while under their supervision and care: specifically, that Petitioners breached them duty to him under section 945.04, Florida Statutes (2008), by failing to report and document Respondent’s injuries after receiving oral and
 
 *1272
 
 written notice. Respondent sought compensatory damages.
 

 One section of the third amended complaint itself is titled “Claim for 1 mitive Damages.” Petitioners filed a mo. ton to dismiss the third amended complaint, together with a mion to strike that ortion of the complaint titled “Claim for I mitive Damages,” on the grounds that this claim violated section 768.72, Florida Statutes (2008), and the rules of civil procedure, and failed to allege sufficient acts to state a cause of action. The heai. ,g on the motions to dismiss and/or strike is unreported. The circuit court granted the motion to dismiss to the extent that the third amended complaint failed to allege the cause of injury io Respondent’s wrists or Petitioners’ liability for these alleged injuries. The court denied the motion to dismiss based on findings that Respondent properly pled a cause of action for the alleged back injury; the court denied the motion to dismiss and/or strike the claim for punitive damages.
 

 “[T]o plead a claim for punitive damages, a plaintiff must comply with section 768.72(1), Florida Statutes.”
 
 Estate of Despain v. Avante Group, Inc.,
 
 900 So.2d 637, 641 (Fla. 5th DCA 2005). “[Section 768.72 has created a substantive legal right not to be subject to a punitive damage claim until the trial court rules that there is a reasonable evidentiary basis for punitive damages.
 
 Globe Newspaper Co. v. King,
 
 658 So.2d 518 (Fla.1995).”
 
 Holmes v. Bridgestone/Firestone, Inc.,
 
 891 So.2d 1188, 1191 (Fla. 4th DCA 2005);
 
 see Estate of Despain,
 
 900 So.2d at 641-42. Petitioners note that Respondent failed to follow the proper procedures in section 768.72(1), Florida Statutes (2008), and Florida Rules of Civil Procedure 1.100(a)-(b) and 1.110(b) for seeking leave of the circuit court to allege a claim for punitive damages. This statutory section states:
 

 (1) In any civil .ction, no i 'aim for p. aitive damages sh. 11 be permuted un~ 1. s there is a reas< nable sh. "ring by e ¡dene* in the recoi-! or profi 'red by toe clan int which woi. d provide a rea- . nable L >sis for recov ry of sue! dam-a-es. Th- claim it ma, move to -mend his or her complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil proce. ¡re si all be liberally construed so a lo al. v the claimant discovery of evidence vhich appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
 

 To support certiorari relief, Petitioners rely on the following language in
 
 Simeon, Inc. v. Cox,
 
 671 So.2d 158 (Fla.1996):
 

 [Cjertiorari jurisdiction is appropriate to review whether a trial judge has conformed with the procedural requirements of section 768.72 but not so broad as to encompass review of the sufficiency of the evidence when the trial judge has followed the procedural requirements of section 768.72.... [AJppellate courts should grant certiorari in instances where there is a demonstration by a petitioner that the procedures of section 768.72 have not been followed.
 

 Id.
 
 at 160;
 
 see King,
 
 658 So.2d at 520;
 
 Potter v. S.A.K. Dev. Carp.,
 
 678 So.2d 472 (Fla. 5th DCA 1996). Respondent’s purported “motion” contained within the third amended complaint is procedurally and substantively insufficient to satisfy the requirements of law.
 
 See King,
 
 658 So.2d at 520 (noting that the failure to follow the procedure set out in section 768.72 “departs from the essential requirements of the law”);
 
 Reinoso v. Fuentes,
 
 932 So.2d
 
 *1273
 
 536 (Fla. 3d DCA 2006) (granting certiora-ri relief where plaintiffs’ failure to obtain leave of circuit court trior to making claim i r punitive damag s in their negligence t - mplaint mandate < dismissal of claim). I. cause the circuh court did not comply wr '! the procedur requirements of sec-tiot 768.72, allowii Re;- pondent to skip a stej and allege a claim >r punitive damage. without first prop, rly seeking and receiving the court’s permission to do so,
 
 Cox
 
 and
 
 Reinoso
 
 compel us to grant the petiiion for writ of certiorari. See
 
 Cox,
 
 671 So.2d at 160;
 
 Reinoso,
 
 932 S».2d at 536 The pimitive damages daim must be stricken. Given the fact that Respondent already has been allowed to file multiple amended complaints, we leave it to the sound discretion of the circuit court to determine whether to allow Respondent another attempt to comply with the statute and rules.
 
 See Carter v. Femtt,
 
 666 So.2d 556, 557 (Fla. 2d DCA 1995).
 

 We GRANT the petition for writ of cer-tiorari and QUASH the order denying the motion to dismiss and/or strike the claim for punitive damages.
 

 WEBSTER and LEWIS, JJ., concur.