# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1656
Lower Tribunal No. 23-1274-CA-01
_____

**Leon Medical Centers, LLC,**
Petitioner,

vs.

**Elsa Falcon, as Personal Representative of the Estate of Miguel C. Falcon, Hilario Martinez, M.D., Lisyannet Talavera Diaz, R.N., Gables Radiology Associates, P.A., Healthspring of Florida, Inc., d/b/a Leon Medical Center Health Plans, Leon Health, Inc.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Easley Appellate Practice PLLC, and Dorothy F. Easley; Wicker Smith O'Hara McCoy & Ford, P.A., and Frederick E. Hasty, III, for petitioner.

Panter, Panter & Sampedro, P.A., Joshua L. Wintle, and David Sampedro, for respondent, Elsa Falcon.

Before LOBREE, BOKOR and GOODEN, JJ.

GOODEN, J.

Petitioner Leon Medical Centers, LLC filed a petition for writ of certiorari seeking to quash the order denying its motion to dismiss for failure to follow the pre-suit requirements of the Medical Malpractice Act. Because the petition requires us to reweigh the evidence, we dismiss the petition.

**I.**

On March 21, 2022, Miguel Falcon underwent a medical procedure at Gables Radiology Associates, P.A. in Doral, Florida. Gables Radiology is a freestanding radiology facility that conducts interventional radiology. Dr. Hilario Martinez, a Gables Radiology employee, performed the procedure, while Lisyannet Talavera Diaz, RN, another Gables Radiology employee, administered conscious IV sedation. During the procedure, Mr. Falcon had a medical emergency and had to be transported to Jackson Memorial West. He was admitted to the ICU. Tragically, Mr. Falcon passed away on August 7, 2022.

At the time of the procedure, Mr. Falcon was a Medicare Advantage member of Leon Health, Inc., a health maintenance organization ("HMO").[1]

---

[1] Mr. Falcon was previously a member of an HMO health plan called Healthspring of Florida, Inc. d/b/a Leon Medical Center Health Plans.

HMO health plans direct their members to use in-network providers for their care. Gables Radiology is an in-network provider. One of the plan's benefits includes use of a courtesy bus that Petitioner Leon Medical Centers, LLC operates. Records showed that Mr. Falcon used the courtesy bus to travel to various in-network providers, including on the day of the incident. Petitioner Leon Medical Centers, LLC also operates a clinic that is unconnected to this medical incident.

On July 14, 2022, Falcon and his wife, Elsa, served Leon Medical Centers, LLC with a notice of intent pursuant to section 766.106, Florida Statutes. The notice asserted a claim for direct negligence. It also vaguely asserted: "Leon Medical Centers is responsible for the actions of the healthcare providers identified in the attached affidavit because of their legal relationship to Leon Medical Centers." The attached affidavit was from Dr. John Schweiger. It stated there were reasonable grounds to support a claim of medical negligence against Nurse Diaz, Dr. Martinez, and Gables Radiology. However, it did not mention or even reference Leon Medical Centers, LLC, and did not otherwise elaborate on what the "legal relationship" was.

The notice of intent also requested a wide array of pre-suit discovery. Leon Medical Centers, LLC responded with "none." It maintained that Mr.

Falcon was never admitted to or billed by Leon Medical Centers, LLC, the incident did not occur at its location or facility, and none of its employees or agents were involved. It also explained that there were no employment agreements between Nurse Diaz, Dr. Martinez, and Leon Medical Centers, LLC, and there was no contract or legal relationship between it and Gables Radiology. To prevent any confusion, it explained that any contract would have been between Healthspring of Florida, Inc. d/b/a Leon Medical Centers Health Plans and Gables Radiology, and it was not affiliated with either entity.

Leon Medical Centers, LLC produced affidavits from Dr. Lewis Guzzi, stating that there was a lack of reasonable grounds to support a claim of medical negligence against Petitioner, and its general counsel, Carlos F. Junco, Esq., confirming that Petitioner did not contract with or employ Gables Radiology, Dr. Martinez, or Nurse Diaz.

As a result, Leon Medical Centers, LLC requested the Falcons to withdraw the notice of intent. The Falcons did so in October 2022. No new notice of intent was sent to Leon Medical Centers, LLC at this time.

In January 2023, Elsa Falcon, as personal representative of the Estate, filed suit against Dr. Martinez, Nurse Diaz, and Gables Radiology for medical

4

negligence. Falcon continued her investigation into other potential defendants.

In August 2023, Falcon wrote to Leon Medical Centers, LLC's third-party administrator stating that further investigation suggested that Leon Medical Centers, LLC may be liable under theories of actual and apparent agency. However, Falcon did not elaborate and did not provide evidence of relationship. Instead, Falcon inquired whether she needed to re-serve the notice of intent or if she could amend her complaint. Falcon asserts that her lawyer spoke with the third-party administrator, and he confirmed that another notice of intent was not necessary and no further pre-suit investigation was contemplated.

In October 2023, Falcon amended her complaint to add Leon Medical Centers, LLC, and others, as defendants. The amended complaint alleges that the courtesy bus was owned by Leon Medical Centers, LLC, it transported the decedent to Gables Radiology, and that Leon Medical Centers, LLC held out Gables Radiology, Dr. Martinez, and Nurse Diaz as its agents. No active negligence counts were alleged against it. The amended complaint also grouped Leon Medical Centers, LLC, Healthspring of Florida, Inc. d/b/a Leon Medical Centers Health Plans, and Leon Health, Inc. as one entity, alleging they operate as "Leon."

5

Leon Medical Center, LLC moved to dismiss alleging that Falcon failed to comply with section 766.106, Florida Statutes, and failed to plead a cause of action for vicarious liability. In a short response, Falcon asserted it previously served a notice of intent and the complaint states a cause of action.

In an apparent attempt to cure any deficiency, Falcon served Leon Medical Centers, LLC with a second notice of intent—one that was virtually identical to the first. Leon Medical Centers, LLC denied the claim a second time. It reiterated that there is no contractual relationship between the parties and "that Leon Medical Centers had nothing to do with the care and treatment provided to Mr. Falcon." It maintained that the notice was deficient because "there is no good faith belief, that there are reasonable grounds to believe that Leon Medical Centers fell below the standard of care, and as a result caused or created an injury" to Mr. Falcon, no new affidavit was provided, and there "is no description, fact, circumstance, basis or justification for bringing this lawsuit against Leon Medical Centers."

Falcon responded, conceding there were no allegations of direct medical negligence. It recognized the affidavit of the general counsel and its contents, but claimed she was basing her claims on "the existence of a legal relationship." Nevertheless, Falcon never identified that relationship.

6

Falcon then produced an affidavit from Dr. David Prologo. Like the prior affidavit, this affidavit also did not address any actions of Leon Medical Centers, LLC or contain any information as to the "legal relationship" that purportedly would make it liable.

Leon Medical Centers, LLC again denied the claim, reiterating that there was no "legal relationship" between the parties. It explained that Gables Radiology was a network health care provider of Leon Health, Inc., the health plan which Mr. Falcon was a member at the time of the alleged incident. There was no connection to Leon Medical Centers, LLC.

Falcon subsequently amended her short response to the motion to dismiss. She claimed her counsel conducted a reasonable pre-suit investigation into the vicarious liability of Leon Medical Centers, LLC and submitted his affidavit. However, his affidavit did not explain what that "legal relationship" was; instead, it asserted he did not have to.

The trial court conducted an evidentiary hearing. Leon Medical Centers, LLC maintained that Falcon did not perform a reasonable investigation as to every defendant and there was no good faith basis for it being liable. For the first time, Falcon sought to explain the "legal relationship." She pointed to an advertisement that said, "There is only one

Leon," and an alleged statement from Mr. Falcon's primary care physician that he needed to see a "Leon" physician.

The trial court denied the motion finding "the investigation, while in theory could have been better and dug deeper, was a reasonable investigation." It noted that the issue of apparent agency would be flushed out at summary judgment stage.

Leon Medical Centers, LLC moved for reconsideration arguing that Falcon's theories of agency were unsupported by the evidence and the law. The trial court denied the motion. This petition followed.

**II**.

To obtain a writ of certiorari, a party must demonstrate a departure from the essential requirements of the law that results in material injury that cannot be corrected on plenary appeal. Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812, 822 (Fla. 2004). While certiorari review is generally not available for orders denying motions to dismiss, Florida courts have recognized an exception in medical malpractice cases. This is "premised on the purpose of the Medical Malpractice [ ] Act—to avoid meritless claims and to encourage settlement for meritorious claims." Williams v. Oken, 62 So. 3d 1129, 1133 (Fla. 2011).

8

Nevertheless, certiorari review is only available "to ensure that the procedural aspects of the presuit requirements are met." Id. at 1137. "At a general level, such procedural aspects include whether a plaintiff—before the filing of the medical malpractice lawsuit—gave the defendant 'advance notice' and provided an 'opportunity [for the defendant] to examine [the] claim.'" Univ. of Florida Bd. of Trustees v. Carmody, 372 So. 3d 246, 253 (Fla. 2023) (citation omitted). See also Abbey v. Patrick, 16 So. 3d 1051, 1054 (Fla. 1st DCA 2009) ("Certiorari may be an appropriate remedy if the error is one that resulted in the deprivation of the right to the process itself."). "[C]ertiorari does not lie for appellate courts to reweigh the evidence presented concerning compliance with the presuit statutory requirements." St. Mary's Hosp. v. Bell, 785 So. 2d 1261, 1262 (Fla. 4th DCA 2001).

For instance, in St. Mary's Hospital v. Bell, the hospital moved to dismiss arguing that the personal representative's counsel failed to make a reasonable investigation to determine whether there was a good faith belief that grounds existed against it. Id. at 1261–62. The personal representative did not produce any hospital records that showed the decedent had treated at the facility. Id. at 1261. The hospital searched its records and did not find any document showing that the decedent had been treated at its facility. Id.

9

At the evidentiary hearing, the witnesses all focused on the lack of records. Id. at 1262. The trial court denied the motion to dismiss. Id.

The hospital sought certiorari review focusing on the lack of a good faith investigation. Id. The Fourth District dismissed the petition. Id. It explained: "[C]ertiorari is available to review whether a trial judge followed chapter 766 and whether a plaintiff complied with presuit notice and investigation requirements; certiorari is not so broad as to encompass review of the evidence regarding the sufficiency of counsel's presuit investigation." Id. The Florida Supreme Court approved the Fourth District's decision in Williams v. Oken. Williams, 62 So. 3d at 1135 ("The Fourth District's decision in St. Mary's, which serves as the basis for this Court's discretionary review, got it right.").

In its petition, Leon Medical Centers, LLC attempts to frame this issue as procedural. It asserts that Falcon failed to comply with presuit requirements. Specifically, it claimed no "reasonable investigation gave rise to a good faith belief that grounds exist for an action against" it. § 766.104(1), Fla. Stat. But when we examine what occurred, we would have to reweigh the evidence presented during the presuit process and at the evidentiary hearing. Williams, 62 So. 3d at 1135; St. Mary's Hosp., 785 So. 2d at 1262.

This does not fall within the confines of certiorari. While we are sympathetic that Leon Medical Centers, LLC is being forced to litigate an action against it in light of no evidence demonstrating its liability, we are constrained by the limits of writs of certiorari and binding judicial precedent.

Petition dismissed.